IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN JAMES KOHUTE,<br>　　　　　Plaintiff, | § § § | |
| v. | § § | No. 3:24-cv-3164-G (BT) |
| YELLOW CAB,<br>　　　　　Defendant. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Kevin James Kohute filed a civil complaint against Yellow Cab, a Dallas taxi service. ECF No. 3. He claims that federal question jurisdiction exists pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 636. *Id.* at 3. As for factual allegations, he provides only the following:

> Yellow Cab van drivers, y'all know Nigerian drug dealer at the Dallas, Texas greyhound station that sell cocaine, crack, marijuana. You deliver and transport ppl with beer and drugs in your vehicles. 5 officers got shot from a Dallas roof top. The pawnshops sell rifles plus I think you know the drug related motive for that shooting.

ECF No. 3 at 4.

For the reasons below, the Court should dismiss this case without prejudice for lack of subject matter jurisdiction.

**Legal Standards**

The court "is duty-bound to examine its subject-matter jurisdiction *sua sponte.*" *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017). Federal courts are courts of limited jurisdiction; "[t]hey possess only that

power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Unless otherwise provided by statute, federal subject matter jurisdiction requires: 1) a federal question—that is, a cause of action "arising under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331; or 2) complete diversity of citizenship between adverse parties combined with an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332.

Regarding federal question jurisdiction, the most common cases "arising under" federal law "are those in which federal law creates the cause of action." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). In rare situations, a case may arise under federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9 (1983).

In cases invoking diversity jurisdiction, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). "The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam). "'The failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

While pleadings by *pro se* plaintiffs are construed liberally, *see, e.g.*, *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002); *Mass v. McDonald's Corp.*, 2004 WL 2624255, at *2 (N.D. Tex. Nov. 12, 2004), the court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). And "even though a particular statute or rule need not necessarily be cited by name[,]" the party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; jurisdiction cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citations omitted). "[C]ourts are not obligated to search out the identity of a party's vaguely-pleaded claims." *Mass,* 2004 WL 2624255, at *2. Ultimately, "[t]he plaintiff is the master of his own pleadings, and even a *pro se* litigant has the right to plead himself out of court, just as an attorney may do." *Estrada v. Dominguez,* 2001 WL 506982, at *2 (N.D. Tex. May 14, 2001).

Federal courts do not have to—and in fact, should not—wait for a Rule 12(b)(1) motion to determine whether subject matter jurisdiction exists. On the contrary, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The court "is duty-bound to examine its subject-matter jurisdiction *sua sponte*." *Burciaga,* 871 F.3d at 384 n.4; *see also Ins. of Ir., Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 (1982) (explaining that while under Rule 12(h) defenses for lack

of personal jurisdiction are waived if untimely, even an appellate court may review subject matter jurisdiction sua sponte).

## Analysis

Kohute alleges that the Court has federal question jurisdiction pursuant to 42 U.S.C. § 1983. However, his § 1983 claims are "'insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998) (citations omitted). Section 1983 imposes liability on persons or entities who, under the color of state law, deprive a person "of any rights, privileges, or immunities secured by the Constitution and laws." But when a plaintiff "does not allege facts demonstrating that [a defendant] acted under color of state law," he fails "to plead and establish subject-matter jurisdiction based on the existence of a federal question." *Mitchell v. Clinkscales*, 253 F. App'x 339, 340 (5th Cir. 2007) (per curiam) ("[A]lthough Mitchell argues that Clinkscales is liable under 42 U.S.C. § 1983, Mitchell does not allege facts demonstrating that Clinkscales acted under color of state law; thus, Mitchell failed to plead and establish subject-matter jurisdiction based on the existence of a federal question.") (citations omitted)).

There is no sign from Kohute's allegations that Yellow Cab is a state actor. Instead, Yellow Cab appears to be a private taxi company. To bring plausible constitutional claims against private actors, a plaintiff generally must allege "that (1) there was an agreement between the private and public defendants to commit

4

an illegal act; and (2) a deprivation of a constitutional right." *McCoy v. Hous. Auth. of New Orleans*, 2015 WL 9204434, at *8 (E.D. La. Dec. 17, 2015) (footnotes omitted). Kohute does not allege anything like that. He therefore fails to allege any state action, and thus he fails to establish that the Court possesses subject matter jurisdiction over this lawsuit. *See, e.g.*, *Degenstein v. Smith*, 2020 WL 5520594, at *4 (N.D. Tex. Aug. 27, 2020), *rec. accepted* 2020 WL 5514393 (N.D. Tex. Sept. 14, 2020) (dismissing action for lack of subject matter jurisdiction when the plaintiff failed to plausibly allege state action under 42 U.S.C. § 1983).

Kohute also claims that 28 U.S.C. § 636 establishes federal question jurisdiction. ECF No. 3 at 3. But that statute only establishes the jurisdiction and powers of federal magistrate judges. It does not, by its plain terms, establish a private right of action or an independent basis for federal question jurisdiction.

Finally, Kohute does not claim that diversity jurisdiction exists, nor do his allegations disclose any basis to infer that it does. There is no sign that complete diversity exists. Instead, it appears that all the parties reside in Texas. *See* ECF No. 3 at 1-2 (providing Texas addresses for Kohute and Taxi Cab). There also is no basis to infer that the amount in controversy exceeds $75,000 exclusive of interests and costs.

Because Kohute fails to establish this Court's subject matter jurisdiction, the Court should dismiss his complaint.

## Leave to Amend

Ordinarily, "a *pro se* litigant should be afforded an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* at 768. The facts as alleged by Kohute show a lack of subject matter jurisdiction in this Court that does not appear to be curable by amendment, but the 14-day statutory objection period (explained below) will allow Kohute the chance to proffer facts, if any, that can cure the deficiencies noted above.

## Recommendation

The Court should dismiss plaintiff Kevin James Kohute's case without prejudice for lack of subject matter jurisdiction.

SO RECOMMENDED December 30, 2024.

                                                  REBECCA RUTHERFORD
                                                  UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).